GRAVES, Circuit Judge,
concurring in part and dissenting in part.
Because I would deny the petition for review, thus affirming the Board’s decision in toto, I respectfully concur in part and dissent in part. Specifically, I disagree with the majority’s finding that the Board’s interpretation of sections 7 & 8(a)(1) of the National Labor Relations Act (NLRA) conflict with the Federal Arbitration Act (FAA).
The Mutual Arbitration Agreement (MAA) precludes employees from filing joint, class or collective claims in any forum. I agree with the Board that the MAA interferes with the exercise of employees’ substantive rights under Section 7 of the NLRA, which provides, in relevant part, that employees have the right “to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.... ” 29 U.S.C. § 157.
Further, as the Board specifically found, holding that the MAA violates the NLRA does not conflict with the FAA for several reasons: (1) “the purpose of the FAA was to prevent courts from treating arbitration *365 agreements less favorably than other private contracts.” In re D.R. Horton, Inc., 357 NLRB No. 184, 2012 WL 36274, at *11 (2012). “To find that an arbitration agreement must yield to the NLRA is to treat it no worse than any other private contract that conflicts with Federal labor law.” Id; (2) “the Supreme Court’s jurisprudence under the FAA, permitting enforcement of agreements to arbitrate federal statutory claims, including employment claims, makes clear that the agreement may not require a party to ‘forgo the substantive rights afforded by the statute.’ ” Id at *12. “The right to engage in collective action— including collective legal action — is the core substantive right protected by the NLRA and is the foundation on which the Act and Federal labor policy rest.” Id (emphasis original); (3) “nothing in the text of the FAA suggests that an arbitration agreement that is inconsistent with the NLRA is nevertheless enforceable.” Id at *14. “To the contrary, Section 2 of the FAA ... provides that arbitration agreements may be invalidated in whole or in part upon any ‘grounds as exist at law or in equity for the revocation of any contract.’ ” Id; and (4) “even if there were a direct conflict between the NLRA and the FAA, there are strong indications that the FAA would have to yield under the terms of the Norris-LaGuardia Act.” Id at *16.
I also agree with the Board’s holding that Horton “violated Section 8(a)(1) by requiring employees to waive their right to collectively pursue employment-related claims in all forums, arbitral and judicial.” Id at *17. The Board made it clear that it was not mandating class arbitration in order to protect employees’ rights under the NLRA, but rather was holding that employers may not compel employees to waive their NLRA right to collectively pursue litigation of employment claims in all forums, judicial and arbitral.
As acknowledged by the majority, we give the Board judicial deference in interpreting an ambiguous provision of a statute that it administers, Lechmere, Inc. v. NLRB, 502 U.S. 527, 536, 112 S.Ct. 841, 117 L.Ed.2d 79 (1992). Further, as acknowledged by the majority, there is authority to support the Board’s analysis.
For the reasons set out herein, I would deny the petition for review and affirm the Board’s decision in toto. Therefore, ! respectfully concur in part and dissent in part.